### APPLEBAUM v. ROSENBLUM.

(Supreme Court, Appellate Term, First Department.   December 14, 1914.)

PARTIES (§ 58*)—SUBSTITUTION—SUBJECT-MATTER OF CLAIMS.

    Where plaintiff sued on an award pursuant to an arbitration agreement, and made no claim upon a fund to which third parties made claims, or on any other fund in defendant's hands, there was no case for interpleader, under Code Civ. Proc. § 820, authorizing a defendant, upon proof by affidavit that a person not a party to the action makes a demand against him "for the same debt or property," to apply for an order substituting such person in his place, and discharging him from liability on his paying into court the amount of the debt, or delivering possession of the property to such person as the court directs.

    [Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 88, 89; Dec. Dig. § 58.*]

Appeal from City Court of New York, Special Term.

Action by Flora Applebaum against Solomon J. Rosenblum. From an order granting defendant permission to pay certain moneys into court, and directing that other parties, including nonresidents, be joined as additional defendants, plaintiff appeals.   Reversed, and motion denied.

Argued December term, 1914, before GUY, BIJUR, and PAGE, JJ.

Maurice B. & Daniel W. Blumenthal, of New York City (William H. Griffin, of New York City, of counsel), for appellant.

Louis Rosenszweig (Wm. A. Walling, of New York City, of counsel), for respondent.

William Otis Badger, Jr., of New York City, for Frank L. Randall and another.

Saul S. Myers, of New York City, for Francis W. Pixley.

BIJUR, J.   Plaintiff sues on an award made pursuant to an arbitration agreement between plaintiff and defendant, which is annexed to the complaint as Exhibit A.

The claims of the third parties against this defendant are to a certain fund of $600 in his hands.   Plaintiff makes no claim upon that fund, or on any other in the hands of the defendant.   The case, therefore, is not one for interpleader, since the demand of the third parties

against the defendant is not, as prescribed in section 820 of the Code of Civil Procedure, "for the same debt or property." See, also, Heyman v. Smadbeck, 6 Misc. Rep. 527, 27 N. Y. Supp. 141.

Order reversed, with costs and disbursements, and defendant's motion denied, with $10 costs. All concur.